IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| QUANG VAN NGUYEN,           : | |
|     Petitioner,           : | |
|                                                                 : | CIVIL ACTION |
| v.          : | |
|                                                                  : | NO. 12cv06631 |
| SUPERINTENDENT MIKE           : | |
| WENEROWICZ ET AL.,           : | |
|     Respondents.           : | |

MEMORANDUM

YOHN, J.                                                                              December 10, 2013

Petitioner Quang Van Nguyen, a prisoner at the Graterford State Correctional Institution in Montgomery County, Pennsylvania, has filed a petition under 28 U.S.C. § 2254 for writ of habeas corpus. Upon consideration of the petition, the Commonwealth's response, the Magistrate Judge's report recommending dismissal of the petition, and petitioner's objections thereto, the court will overrule petitioner's objections, adopt the report and approve the recommendation.

**I. FACTUAL AND PROCEDURAL HISTORY**

A. <u>Factual background and trial</u>

Petitioner Quang Van Nguyen ("Nguyen") and several co-conspirators planned to rob a massage parlor in Philadelphia, and to extort further money from the business under threat of continued violence. (Resp. to Pet. for Writ of Habeas Corpus ("Resp.") Ex. A. at 2.) On August 3, 1995, Nguyen and his co-conspirators entered the massage parlor to execute the robbery. (Resp. Ex. A. at 2-3.) At the start of what would be a two hour ordeal Todd Manga, a security guard for the parlor, was shot and killed. (Resp. Ex. A. at 3, 4.) Co-defendant Thanh Van Tran ("Tran") and an unindicted co-conspirator "Hieu" both possessed and fired guns during this

incident. (Resp. Ex. A. at 3.)  Thereafter, the co-conspirators, including Nguyen, forced the parlor's female employees to their respective rooms and robbed them. (Resp. Ex. A. at 3.) Throughout these robberies, Tran brandished his weapon and threatened the women if they did not come forward with their money. (Resp. Ex. A. at 3.)  Nguyen also retrieved and "neutralized" a surveillance camera. (Resp. Ex. A. at 3.) Over the course of these two hours a customer to the parlor who happened upon the robbery was also held captive and robbed of his money and jewelry. (Resp. Ex. A. at 3-4.) Prior to leaving, Nguyen and his co-conspirators handcuffed the parlor's manager, Jackie Kim, and forced the female employees to undress before tying them up with telephone wire. (Resp. Ex. A. at 4.) Following the robbery, the co-conspirators returned to a home where they divided the proceeds. (Resp. Ex. A. at 4.)

As a result of the robbery and homicide Nguyen was arrested. (Resp. Ex. A. at 4.) Beginning on February 3, 1999, Nguyen and four co-defendants (Thanh Van Tran, Loc Tran, Hue Tri Phan, and Phu Nguyen) were jointly tried before a jury in the Court of Common Pleas of Philadelphia County. (Resp. Ex. A. at 4-5.) The Commonwealth's case rested heavily on the testimony of co-conspirator Minh Nguyen, who had previously pled guilty before the trial court. On March 1, 1999, Petitioner Nguyen was found guilty of second-degree murder, criminal conspiracy and four counts of robbery. (Resp. Ex. A. at 5.) On April 19, 1999 Nguyen was sentenced to a mandatory life term for the murder conviction and an aggregate concurrent 20-40 years for the conspiracy and robbery convictions. (Resp. Ex. A. at 5.) Nguyen filed a post-sentence motion to modify his sentence, which was denied by operation of law on September 8, 1999. (Resp. Ex. A. at 5.) [1]

---

[1] The post-sentence motion and order are not in the state court record.

B. Direct Appeal

On October 14, 1999, Nguyen filed a counseled notice of appeal to the Pennsylvania Superior Court ("Superior Court").[2] On January 2, 2001, the trial court filed a Pennsylvania Rule of Appellate Procedure 1925(a) opinion (hereinafter "1925(a) opinion"). (R. D10)[3] On July 30, 2001, the Superior Court dismissed Nguyen's appeal because counsel failed to file a brief. (R. D12). Thereafter, by letter dated August 6, 2001, the Prothonotary of the Superior Court denied "appellant's applications for reconsideration and reinstatement."[4]

On September 4, 2001, Nguyen filed a *pro se* motion for post conviction relief, pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA") 42 Pa. Cons. Stat. Ann. § 9541 et seq., seeking reinstatement of his direct appeal rights *nunc pro tunc*. (R. D13.) On February 13, 2002, by administrative order, Nguyen was appointed PCRA counsel. (R. D16.) On July 17, 2002, the PCRA court reinstated Nguyen's appeal rights *nunc pro tunc* and appointed appellate counsel. (R. D17.)

On July 31, 2002, Nguyen's appellate counsel filed a notice of appeal *nun pro tunc* to the Pennsylvania Superior Court. (R. D18) Finally, on October 21, 2002, more than three years after Nguyen received his life sentence, his first counseled statement of matters complained of on appeal was filed, raising four issues for review: (1) the evidence was insufficient to sustain the

---

[2] *See* Pennsylvania Superior Court Docket 3021 EDA 1999. The Notice of Appeal from October 14, 1999 is not in the state court record.

[3] The state court record consists of two expandable files marked as CP-51-CR-1200011-1997 and CP-51-CR-1200071-1997. Many of the documents can be found in both files; however, the documents are inconsistently marked between the files. For this memorandum, any references to the state court record are made to the documents as marked in the file at CP-51-CR-1200071-1997.

[4] See August 6, 2001 letter signed by Prothonotary David Szewczak. The document is not marked in the state court record.

verdicts of second degree murder, robbery and criminal conspiracy; (2) the verdicts were against the weight of the evidence; (3) the trial court erred in admitting the testimony of Commonwealth witness Minh Nguyen; (4) the trial court erred in instructing the jury on how to consider the evidence and misrepresented the evidence when instructing the jury. (R. D22.) On December 18, 2002, the trial court filed its 1925(a) opinion. (R. D23.)

On December 17, 2003, the Superior Court filed a memorandum opinion dismissing Nguyen's appellate claims and affirming the judgment of sentence. *Commonwealth v. Nguyen*, No. 2452 EDA 2002, slip op. at 14 (Pa. Super. Dec. 17, 2003).[5] The Superior Court reached the merits on Nguyen's sufficiency of the evidence claim for second degree murder finding that, contrary to Nguyen's argument, the evidence established that the co-conspirators' intent to commit the robbery was formed prior to Manga's murder. *Id.* at 8-10. However, the Superior Court held that Nguyen's sufficiency of the evidence claims as to robbery and criminal conspiracy were waived under Rule 2119(a) of the Pennsylvania Rules of Appellate Procedure ("Pa. R.A.P."). *Id.* at 10-11. The weight of the evidence claim was waived because Nguyen failed to raise the issue before the trial court in a post-trial motion pursuant to Rule 607 of the Pennsylvania Rules of Criminal Procedure. *Id.* at 12. Nguyen's challenge to the admission of Minh Nguyen's testimony was waived both because Nguyen failed to point to where the issue had been preserved in the record, pursuant to Pa. R.A.P. 2117(c) and 2119(e), and because the record did not indicate that Nguyen had preserved the issue by objecting to the admission of the testimony at trial, as required by Pa. R.A.P. 302(a). *Id.* at 13. Nguyen's challenge to the jury instruction was also waived because it was not objected to at trial. *Id.* at 14. Except for the jury

---

[5] The Superior Court opinion is not marked in the state court record.

instruction claim, the Superior Court noted that even absent waiver Nguyen's claims were without merit. *Id.* at 10-14. On February 7, 2006, Nguyen filed a petition for allowance of appeal in the Pennsylvania Supreme Court which was denied on August 9, 2006.[6]

C. State collateral review

On August 29, 2007, Nguyen filed a *pro se* PCRA petition raising ineffective assistance of counsel claims. (R. D26.) On August 8, 2008, Nguyen filed a second *pro se* PCRA petition. (R. D25.) The court appointed PCRA counsel who filed an amended PCRA petition on October 28, 2009, raising a layered ineffective assistance of counsel claim for trial and appellate counsels' failure to raise objections to the trial court's deviation from the Pennsylvania Standard Criminal Jury Instructions ("PSCJI") concerning second-degree murder liability for the actions of co-conspirators. (R. D 27.) On July 16, 2010, the PCRA court dismissed Nguyen's petition as lacking merit.[7]

On August 26, 2010, having failed to file a timely notice of appeal, Nguyen's PCRA counsel filed a petition to reinstate Nguyen's PCRA appellate rights *nunc pro tunc*. (R. D30.) The PCRA court granted the petition on September 17, 2010 (R. D31.), and Nguyen then filed a counseled notice of appeal to the Superior Court on September 21, 2010 (R. D 32.). In his statement of matters complained of, Nguyen raised two issues: (1) the PCRA court erred in denying his layered claim for ineffective assistance of trial and appellate counsel; and (2) the trial court's jury charge deviated from the Pennsylvania Suggested Standard Criminal Jury

---

[6] See Pennsylvania Supreme Court docket 54 EAL 2006. Nguyen's petition for allowance of appeal to the Pennsylvania Supreme Court and the court order denying the petition are not in the state court record.
[7] See Court of Common Pleas of Philadelphia Criminal Docket Order (CP-51-CR-1200071-1997) signed by the Honorable Genece E. Brinkley. The document is not marked in the record.

Instructions to the extent that the Commonwealth was not required to prove that the co-conspirators had a shared intent to commit robbery prior to its occurrence. (R. D34.) On December 16, 2010 the PCRA court issued its 1925(a) opinion finding that the trial court had adequately instructed the jury "that [Nguyen] could be convicted of second degree murder only if the jury found that the killing occurred while [Nguyen] was a partner with the killer in committing or attempting a robbery." (R. D. 35.) Thus, both the objection to the trial court's jury instruction and the ineffective assistance of counsel claims were dismissed as meritless. On November 30, 2011, the Superior Court affirmed, dismissing Nguyen's PCRA petition. (Resp. Ex. B.)

D. Habeas Corpus Petition

On November 13, 2012,[8] Nguyen filed the instant *pro se* petition for writ of habeas corpus raising five grounds:

> Ground One: Trial and appellate counsel were ineffective for failing to "lodge a specific and timely objection and/or raise on appeal the trial court's deviation from the Pennsylvania Suggested Standard Criminal Jury Instruction concerning second degree murder and liability for actions of co-felons";
>
> Ground Two: The trial court erred in deviating from the Pennsylvania Standard Criminal Jury Instruction such that the Commonwealth did not have to prove that the parties had a shared intent to commit the robbery prior to its occurrence.
>
> Ground Three: The jury's verdict for second degree murder was against the weight of the evidence.
>
> Ground Four: The evidence was insufficient to sustain a guilty verdict for robbery and criminal conspiracy.

---

[8] It appears that Nguyen's petition is untimely. *See* 28 U.S.C. § 2244(d). However, as the parties did not address timeliness in their filings, I decline to dismiss the petition on that basis. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) (holding that district courts are "permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition").

>Ground Five: The trial court erred in admitting the Commonwealth witness testimony of co-conspirator Minh Nguyen.

(Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus ("Pet."), Doc. No. 1.) And on November 27, 2012, Nguyen filed a motion seeking appointment of counsel. (Doc. No. 2.)

On March 11, 2013, respondents filed a Response arguing that Nguyen's claims should be dismissed as either noncognizable, procedurally defaulted or reasonably rejected by the state court for lacking merit. I assigned the matter to a magistrate judge for a report and recommendation. On August 19, 2013, the magistrate judge recommended that all of Nguyen's habeas claims be dismissed or denied without an evidentiary hearing. On September 8, 2013, Nguyen filed *pro se* objections to the report and recommendation with respect to grounds three, four and five, and raised new claims not included in his petition. While Nguyen's *pro se* objections are not clear, there is no mention of the Pennsylvania Standard Criminal Jury Instruction. Even given a generous reading of Nguyen's uncounseled objections, there is no indication that Nguyen intended to object to magistrate's findings for either grounds one or two. Accordingly, this memorandum will not address those claims.

## II. DISCUSSION

A. <u>Standard of Review</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, governs the court's review of the instant petition. Under AEDPA, when a petitioner is in custody pursuant to a judgment by a state court, a district court may entertain an application for writ of habeas corpus only if the custody violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where a habeas petition has been referred to a magistrate

judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), the district court reviews *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C § 636(b)(1). After conducting such a review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

B. Petitioner's Claims Are Not Cognizable

Nguyen's claim that the second-degree murder conviction was against the weight of the evidence (Ground C) is not a valid basis for habeas corpus review.

Under AEDPA, a petitioner's challenge to the weight of the evidence is not a cognizable ground for federal habeas corpus relief because it does not claim a constitutional violation. *See Tibbs v. Florida*, 457 U.S. 31, 37-38 (1982). A weight of the evidence claim challenges "issues of credibility," arguing that "a greater amount of credible evidence supports one side of an issue or cause than another." *Id.* at 38-39. Federal courts, however, are precluded from re-evaluating the credibility of witnesses on habeas corpus review. *Marshall v. Longberger*, 459 U.S. 422, 434-35 (1983). Accordingly, a claim that a trial court decision was against the weight of the evidence is not a valid basis for habeas corpus review.

From his discussion, it appears as though Nguyen is arguing that because co-conspirator Minh Nguyen's testimony was elicited as part of a plea bargain it is biased. (Objections at 4-6.) Nguyen states that Minh Nguyen's confession to the murder, his "plea agreement contract," and his pretrial statements all weakened the trial testimony. (Objections at 5.) While Nguyen includes discussion regarding ineffective assistance of counsel and prosecutorial misconduct, his argument sounds entirely in the reasonableness of the verdict based on Minh Nguyen's self-

interested testimony. Because this is a question of the witness' credibility and does not raise a constitutional violation, the claim is not properly before this court on habeas review.

C. Petitioner's Claims are Procedurally Defaulted

Nguyen's claims that the evidence was insufficient to support a guilty verdict for robbery and criminal conspiracy (Ground D) and that the trial court erred in admitting the testimony of Commonwealth witness and co-conspirator Minh Nguyen (Ground E) are procedurally defaulted.

When a state court rejects a petitioner's claims based on a state procedural ruling that is "independent of the federal question and adequate to support the judgment," federal habeas courts are precluded from reviewing the claims, absent a showing of cause for the default and actual prejudice. *Beard v. Kindler*, 558 U.S. 53, 55 (2009) (citing *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)). A state procedural rule is independent if it does not rest primarily on and does not appear to be interwoven with federal law. *Coleman*, 501 U.S. at 734-35 (*citing Michigan v. Long*, 463 U.S. 1032, 1040-41 (1983)). A state procedural rule is adequate to support the judgment when it speaks in clear and unmistakable terms and when courts apply its requirements with consistency and regularity. *Campbell v. Burris*, 515 F.3d 172, 176 (3d Cir. 2008). The adequacy and independence of the state procedural ground must be clear from the face of the state court opinion. *Harris v. Reed*, 489 U.S. 255, 263-264 (1989). However, even when a state court reaches the merits in an alternative holding, if the state court invokes a "state procedural bar as a separate basis for decision" the federal court should proceed under a procedural default analysis. *Johnson v. Pinchak*, 392 F.3d 551, 558 (3d Cir. 2004) (quoting *Harris v. Reed*, 489 U.S. 255, 264 n. 10 (1989)) (internal quotes omitted).

Nguyen claimed in his direct appeal to the Superior Court that the evidence presented at

trial was insufficient to establish robbery and criminal conspiracy.  In rejecting the appeal, the Superior Court, the highest state court to review Nguyen's claim, held that Nguyen had failed to comply with Pa. R.A.P. 2119(a).  The rule governs appellate brief format and provides that an argument should be divided into headings with each "particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."  Pa. R.A.P. 2119(a).  The Superior Court noted that while Nguyen raised the sufficiency of evidence challenge as to the robbery and conspiracy verdicts in his questions presented, the body of the brief "contained no arguments in support of this challenge." *Commonwealth v. Nguyen*, No. 2452 EDA 2002, slip op. at 10 (Pa. Super. Dec. 17, 2003).  Despite rejecting the claim on the merits in an alternate holding, the Superior Court unambiguously held the challenge was waived for failing to comply with Pa. R.A.P. 2119(a).  *Id.* at 10-11.  Further, both federal and state courts have consistently applied Rule 2119(a), finding that the failure to properly brief results in procedural default of the claim.  *See, e.g., Kirnon v. Klopotoski*, 620 F. Supp. 2d 674, 684 (E.D. Pa. 2008) (finding that failure to comply with Pa. R.A.P. 2119(a) constitutes an independent and adequate state ground); *Commonwealth v. Love*, 896 A.2d 1276, 1287 (Pa. Super. 2006) (noting that compliance with Pa. R.A.P. 2119(a) is "[o]f particular importance" and noting that it is not the court's duty to act as counsel).  Accordingly, the claim challenging the sufficiency of the evidence for the robbery and criminal conspiracy verdicts is procedurally defaulted.

      Similarly, the Superior Court rejected Nguyen's claim that the trial court erred in admitting Minh Nguyen's testimony because Nguyen's brief "failed to point to where in the record this issue was preserved" for appeal as required by Pa. R.A.P. 2117(c) and 2119(e).  *Commonwealth v. Nguyen*, No. 2452 EDA 2002, slip op. at 13.  Further, on its own review of the

record the court could not find any objection to the admission of Minh Nguyen's testimony during trial. Again, the state court made an unambiguous finding that Nguyen's claim here is waived for failing to comply with appellate procedural rules. Accordingly, the claim challenging the admission of Minh Nguyen's testimony is procedurally defaulted.

D. Petitioner's New Claims Raised in Objections are Waived

Finally, the new claims of ineffective assistance of counsel and prosecutorial misconduct first raised in Nguyen's objections to the Magistrate Judge's Report and Recommendation are waived.

Pursuant to the Rules of Civil Procedure for the Eastern District of Pennsylvania, all new issues raised in a 28 U.S.C. § 2254 habeas corpus petition should be addressed to the United States Magistrate Judge. District courts in our circuit have concluded that issues newly raised by the petitioner in his objections to the magistrate's report and recommendation, and not previously raised in the petition for habeas corpus are not properly before the court and therefore should not be addressed. *See, e.g., Ramos v. Kyler*, Civ.A.No. 03-2051, 2004 U.S. Dist. LEXIS 30581, 2004 WL 828363, at *4 (E.D.Pa. April, 12 2004); *O'Connell v. Patrick*, Civ.A.No. 04-CV-1485, 2007 U.S. Dist. LEXIS 60053, at *5-6 (E.D.Pa. August 14, 2007).

In his objections, Nguyen raises a new ineffective assistance of counsel claim, arguing that his trial counsel had improperly prepared his trial and failed to adequately interview Nguyen prior to trial. (Objections at 4.) Nguyen also makes a *Brady* claim for prosecutorial misconduct, stating that the prosecutor withheld impeachment evidence "which would have weakened the prosecution's case, in such a way, as to cast doubt on the key witness, Minh Nguyen's credibility." (Objections at 5.) Neither of these claims was raised by, or even hinted at, in

Nguyen's petition for writ of habeas corpus. Further, neither claim was raised in any of the earlier state appellate proceedings to give the magistrate court notice that Nguyen was attempting to raise the claims in his habeas petition. Because these new issues were not properly raised in Nguyen's petition, they will not be reviewed here.

### III.  CONCLUSION

After conducting a *de novo* review of the Magistrate Judge's Report and Recommendation, and upon consideration of Nguyen's objections, the court will overrule his objections, adopt the report and approve the recommendation. Nguyen's claims are procedurally defaulted, not cognizable, or improperly raised.

Additionally, the court will not issue a certificate of appealability. A heabeas petitioner may not appeal the dismissal of his petition unless he receives a certificate of appealability. 28 U.S.C. § 2253(c). A court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." *Id.* Because Nguyen has failed to make a substantial showing of the denial of a constitutional right, and all of his claims are clearly not cognizable or procedurally defaulted, as noted previously, I will not issue a certificate of appealability with respect to any of his claims.

An appropriate order will follow.