IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| QUANG VAN NGUYEN, | : | |
| Petitioner, | : | |
| | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 12-cv-06631 |
| | : | |
| SUPERINTENDENT MIKE | : | |
| WENEROWICZ, ET AL., | : | |
| Respondents. | : | |

**MEMORANDUM**

YOHN, J.                                                                                           APRIL 14, 2014

**I.  Background**

On November 13, 2012, Quang Van Nguyen filed a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his sentence of life without parole following his conviction of second-degree murder, criminal conspiracy, and four counts of robbery before the Court of Common Pleas of Philadelphia County.  I assigned the matter to a Magistrate Judge who issued a Report and Recommendation on August 19, 2013, recommending that Nguyen's claims should be dismissed or denied without an evidentiary hearing.  On September 11, 2013, Nguyen objected to the Report and Recommendation.  On December 10, 2013, after conducting a *de novo* review of those portions of the report to which Nguyen objected, I adopted the report, approved the recommendation, and denied Nguyen's petition for writ of habeas corpus.

Nguyen now files a *pro se* motion for reconsideration, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, asking that I vacate my order of December 10, 2013.  In his motion, Nguyen reargues the claims he brought in his petition for writ of habeas corpus. Specifically, Nguyen argues that the evidence was insufficient to support the verdict; that the verdict was against the weight of the evidence; that trial and appellate counsel were ineffective

for failing to raise claims; and that his claims should not have been procedurally defaulted. For the following reasons, I will deny Nguyen's motion for reconsideration.

## II. Discussion

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Burger King Corp. v. New England Hood & Duct Cleaning Co.*, No. 98-3610, 2000 U.S. Dist. LEXIS 1022, 2000 WL 133756, *2 (E.D. Pa. 2000) (citation and internal quotations omitted). Accordingly, the standards for granting a motion for reconsideration under Federal Rule of Civil Procedure 59(e) are high. *Id.* District courts will grant a motion for reconsideration only if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not previously available; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Fidtler v. Gillis*, No. 98-6507, 1999 U.S. Dist. LEXIS 12141, 1999 UL 596940, *2 (E.D. Pa. 1999) (citing *Waye v. First Citizen's Nat'l Bank*, 846 F. Supp. 310, 314 n.3 (M.D. Pa.), aff'd. 31 F.3d 1175 (3d Cir. 1994)) (internal quotations omitted).

In his motion to reconsider, Nguyen does not offer new evidence, nor does he argue a change in the law. Nguyen merely argues his previously raised claims: that the evidence was insufficient to support the verdict; that the verdict was against the weight of the evidence; and

that his counsel was ineffective. Nguyen's claims are either procedurally defaulted or not cognizable under habeas corpus review, as explained in the December 10, 2013 memorandum opinion I issued in this case. And while Nguyen states that his claims should not have been procedurally defaulted, he does not point to any clear error of law or fact that requires correction. Accordingly, Nguyen's motion for reconsideration is denied.